UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DISTRICT

ABRAHAM FIELDS, )
 )
    Plaintiff, )
 )
v. ) No.  1:21-CV-0049 SNLJ
 )
OMAR CLARK, et al., )
 )
    Defendants. )

### MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff Abraham Field's complaint pursuant to 28 U.S.C. § 1915A.[1] For the reasons discussed below, the Court will dismiss plaintiff's official capacity claims against defendants, as well as the entirety of plaintiff's claims against Omar Clark and Unknown Walls. However, the Court has determined that the individual capacity claims against defendants Blake Hoskins, Unknown Hansen and Unknown Willowbey for excessive force are sufficient for purposes of 28 U.S.C. § 1915A review. To the extent plaintiff's complaint contains claims for deliberate indifference to his serious medical needs, those claims are dismissed, without prejudice.

### Plaintiff's Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his incarceration at Southeast Correctional Center (SECC). He filed his complaint on April 1, 2021 against the following defendants: Warden Omar Clark; Cell Extraction Team (CERT) Leader, Blake Hoskins; Correctional Officer Unknown Hansen; Correctional Officer Unknown Walls; and

---

[1] Plaintiff paid $350 toward the $402 filing fee on April 29, 2021. He will be required to pay the remaining $52.00 no later than twenty-one (21) days of the date of this Memorandum and Order. Plaintiff's failure to do so will result in a dismissal of this action, without prejudice.

1

Correctional Officer Unknown Willowbey. Plaintiff sues defendants in both their individual and official capacities.

Plaintiff asserts that on July 12, 2019, he was in Housing Unit 2, Wing C, Cell 116 at SECC. At approximately 6:00 p.m. on that date, the Cell Extraction Team came into the wing to do cell searches. Plaintiff alleges that Correctional Officers Blake Hoskins and Unknown Willowbey came into his cell. Plaintiff alleges "they both stripped [him] and his cellmate" to do a strip search while they were handcuffed. Plaintiff was purportedly told to spit something out of his mouth by Correctional Officer Willowbey. Plaintiff allegedly closed his mouth and Correctional Officer Hoskins pepper sprayed him with mace without a chance to spit anything out. He was then "grabbed," and Hoskins started squeezing plaintiff's Adam's Apple.

Plaintiff states that he was then placed on the floor by Hoskins and Willowbey and sprayed with mace again. He claims that Hoskins started pushing his head repeatedly into the floor. He asserts that Hoskins and Willowbey then put zip ties on his wrists so tight it left black lines.

At this point, plaintiff claims that Correctional Officers Walls and Hansen came into the cell and assisted with holding him down. He asserts that Hansen twisted his right leg, while grabbing and twisting his left foot. Plaintiff states he then spit out paper and screamed, "I spit it out. Let my ankle go." However, plaintiff claims that he heard Hoskins tell Hansen (twice) to "break his ankle." After this, Hansen allegedly twisted plaintiff's ankle until it snapped several times. Willowbey and Walls then pulled plaintiff into a pair of boxers and attempted to make plaintiff walk out of the cell.

Plaintiff claims he was unable to walk due to the pain in his ankle. He asserts that the was told by defendants that if he refused to walk, he would be sprayed a third time with mace.

Plaintiff asserts that eventually Hoskins cuffed him to a bench in A wing. He said, "You bet not move, or I'm gonna spray your ass." Hoskins then went to get a "spit mask," and placed it on plaintiff's face. Plaintiff states that the mask was placed on his face after he had been maced twice in

the face, and he felt as though he was unable to breathe. His anxiety increased his inability to breathe as well.

Plaintiff asserts that at some point, Nurse Tidwell and Correctional Officer Crass came to do an assessment on plaintiff. The nurse checked plaintiff's lungs and indicated that his "lungs were full." Plaintiff claims he was "drowning and [he] wasn't in any water." He alleges he had to wait two days without medical treatment. However, he does not indicate whom he sought medical treatment from or if he sought and was denied medical treatment.

He also asserts that they kept him in an empty cell where he had to get up on a broken ankle and a sprained knee to get his food tray.[2] Plaintiff alleges that for two days he suffered ketoacidosis, a knee sprain and a broken ankle. He was also kept naked in his cell during this time.

Plaintiff seeks compensatory and punitive damages in this action.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915A, the Court is required to review a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915(A)(a). The term "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." 28 U.S.C. § 1915A(c). Pursuant to this section, the Court must dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(A)(b). Here, plaintiff is a convicted state prisoner who is suing employees of a governmental entity. Therefore, his first amended complaint is subject to 28 U.S.C. § 1915A screening.

---

[2]Plaintiff asserts, "I'm a Type 1 diabetic and I literally had to stop taking my insulin shots just to get to the hospital to be properly treated."

3

To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

## Discussion

Plaintiff sues defendants for excessive force in violation of the Eighth Amendment. After reviewing his complaints in its entirety, the Court will dismiss the official capacity claims against defendants. The Court will also dismiss plaintiff's claims against Omar Clark and defendant Unknown Walls. However, the Court will issue process for excessive force to his serious medical needs against defendants Blake Hoskins, Unknown Hansen and Unknown Willowbey in their individual capacities.

To the extent plaintiff is asserting deliberate indifference to his serious medical needs in this action, those claims are subject to dismissal because plaintiff has not indicated in his complaint exactly which defendant he sought medical treatment from and who denied him such treatment.

### A. Official Capacity Claims

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (internal citation omitted). Thus, a "suit against a public employee in his or her official capacity is merely a suit against

4

the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Here, defendants are all employees at SECC which is a Missouri Department of Corrections ("MDOC") facility and state agency. Naming a state official in his or her official capacity is the equivalent of naming the government entity that employs the official – the State itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71.

In addition, in the absence of a waiver, the Eleventh Amendment bars a § 1983 suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998); *see also Andrus ex rel. Andrus v. Ark.*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment."). "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court."); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court."); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." (internal quotation and citation omitted)). Accordingly, plaintiff's official-capacity claims brought

against the named defendants are barred by sovereign immunity and for failure to name defendants suable under § 1983.

## B. Plaintiff's Claims Against Defendants Omar Clark and Unknown Walls in their Individual Capacities

"Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990), *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Plaintiff cannot hold the defendants liable simply because they held supervisory or administrative positions. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in respondeat superior are not cognizable under § 1983). He has not indicated how Warden Clark failed to deprive him of his constitutional rights in this action. In fact, he has failed to identify any specific allegations against defendant Clark.

Additionally, plaintiff has failed to identify any specific allegations against defendant Unknown Walls. All of plaintiff's allegations specific to defendant Walls are relative to the Cell Extraction Team in general. These allegations are not enough to allege excessive force against defendant Walls. Accordingly, plaintiff cannot bring a claim against defendant Walls in his individual capacity.

## C. Plaintiff's Claims Against Defendants Hoskins, Hansen and Willowbey for Excessive Force in Their Individual Capacities

Plaintiff claims that he was assaulted by defendants Hoskins, Hansen and Willowbey on July 12, 2019. He claims that defendants Hoskins and Willowbey first used excessive force during the course of the strip search in his cell. These actions included the use of mace, grabbing his Adam's Apple and squeezing it while he was handcuffed, placing him on the floor and again spraying him with

6

mace, pushing his head repeatedly into the floor and putting zip ties on his wrists so tight that it left black lines.

The force increased when defendant Hansen joined Hoskins and Willowbey. Officer Hansen assisted in holding plaintiff down, placing pressure on both his right leg, while twisting his left foot so hard it cracked. In fact, plaintiff heard Hoskins instruct Hansen to "break his ankle." Plaintiff was then made to walk on this ankle out of his cell and down the hall, and he was cuffed to a bench with the zip ties left on his hands. Without being allowed to wash the mace from his face, he then had a spit mask placed on his face by Officer Hoskins.

"'[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). In the context of a prisoner's Eighth Amendment claim against a prison guard for the use of excessive force, "the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6.

While an inmate need not have suffered a serious injury to maintain an Eighth Amendment claim, the extent of the injury is one factor to be considered in determining whether the use of force was wanton and unnecessary. *Id.* Not every malevolent touch by a prison guard gives rise to a federal cause of action. *Id.* at 9 (citing *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir. 1973) ("not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.")). The "Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10.

Plaintiff alleges he suffered injuries to his lungs, face, knee, ankle and diabetes. From the facts as alleged, which the Court must take as true, the Court will issue process on plaintiff's claims of

excessive force against defendants Hoskins, Hansen and Willowbey in their individual capacities, for purported violations of the Eighth Amendment.

However, to the extent plaintiff is asserting in his complaint a deliberate indifference to his serious medical needs in violation of the Eighth Amendment, the Court will decline to issue process on such a claim. Plaintiff has not indicated in his complaint exactly which defendant he sought medical treatment from and who denied him such treatment. In fact, he indicates that he received medical treatment from Nurse Tidwell and Correctional Officer Crass at some point after his altercation with the members of the CERT Team when they came to do a medical assessment on plaintiff.

Plaintiff has attached his Informal Resolution Request (IRR) to his complaint, and in his IRR he indicates that Nurse Tidwell helped him rinse out his eyes and face so he could lessen the effects of the mace. Additionally, she assessed his ankle at that time. However, she told him that the RN would has to assess the ankle the next day when he came in.[3] Plaintiff was then transported to his new cell in a wheelchair by a Correctional Officer Wooldridge.

Without additional information, the Court cannot find that plaintiff was not provided medical care. Thus, to the extent plaintiff is pursuing such claims, those claims are subject to dismissal.

**D. Service of Process**

As noted above, plaintiff has paid the required civil filing fee in this matter. Consequently, the Court is not responsible for service process pursuant to 28 U.S.C. § 1915. *See* 28 U.S.C. § 1915(d) (providing that "[t]he officers of the court shall issue and serve all process"). Pursuant to the Federal Rules of Civil Procedure, plaintiff is advised that service may be effectuated by "[a]ny person who is at least 18 years old and *not a party*." *See* Fed. R. Civ. P. 4(c)(2) (emphasis added). This means that plaintiff must find a qualified person to serve process on the complaint with respect to his claims

---

[3]Apparently Nurse Tidwell was only an LPN.

against defendants Blake Hoskins, Unknown Hansen, Unknown Walls and Unknown Willowbey in their individual capacities

Ordinarily, plaintiff has ninety (90) days from the filing of the complaint to serve process on defendants. *See* Fed. R. Civ. P. 4(m). However, because initial review of plaintiff's complaint has just been completed, the Court will give plaintiff ninety (90) days from the date of this order to complete process on defendants Blake Hoskins, Unknown Hansen and Unknown Willowbey in their individual capacities. The Clerk of Court will be directed to prepare a summons for defendants Hoskins, Unknown Hansen and Unknown Willowbey in their individual capacities, and to deliver to plaintiff for service.

## Motion for Appointment of Counsel

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has presented non-frivolous allegations in his complaint. However, plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. As such, the Court will deny plaintiff's motion for appointment of counsel at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff is required to pay the remaining $52.00 of the $402.00 filing fee no later than twenty-one (21) days from the date of this Memorandum and Order.

His failure to do so may result in the dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Omar Clark and Unknown Walls are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Blake Hoskins, Unknown Hansen and Unknown Willowbey in their official capacities are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that, to the extent plaintiff's complaint contains claims for deliberate indifference to serious medical needs in violation of the Eighth Amendment, those claims are **DISMISSED**, without prejudice. *See* 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Blake Hoskins, Unknown Hansen and Unknown Willowbey, in their individual capacities, for excessive force in violation of the Eighth Amendment, have survived review pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the complaint and summons for defendants Blake Hoskins, Unknown Hansen and Unknown Willowbey in their individual capacities, for excessive force in violation of the Eighth Amendment, so that he may effectuate service on these defendants.

**IT IS FURTHER ORDERED** that plaintiff shall cause service to be effectuated upon defendants Blake Hoskins, Unknown Hansen and Unknown Willowbey in their individual capacities no later than ninety (90) days from the date of this order.

**IT IS FURTHER ORDERED** that in the absence of good cause shown, the failure to timely serve defendants Blake Hoskins, Unknown Hansen and Unknown Willowbey in their individual capacities within ninety (90) days of the date of this order will result in the dismissal of plaintiff's complaint, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED at this time**.

**IT IS FURTHER ORDERED** that an appeal of this Memorandum and Order shall not be taken in good faith.

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 12th day of January, 2022.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE